James W. SMITH, III, on behalf of himself and other employees similarly situated, Plaintiff,

v.

TRADESMEN INTERNATIONAL, INC. Defendant.

No. 03–21663–CIV.

United States District Court, S.D. Florida. Miami Division.

Oct. 17, 2003.

Samara Robbins Bober, Esq., Peter J. Bober, Esq., Bober & Bober, P.A., Hollywood, FL, Counsel for Plaintiff.

Gil Haddad, Esq., Gil Haddad, P.A., Coral Gables, FL, Scott Moorman, Esq., Tradesman International, Inc., Macedonia, OH, Counsel for Defendant.

## *ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PERMIT COURT SUPERVISED NOTICE TO EMPLOYEES OF THEIR OPT–IN RIGHTS AND ORDERING PRODUCTION OF INFORMATION BY DEFENDANT*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Plaintiff's Motion to Permit Court Supervised Notice to Employees of their Opt–In Rights, filed August 27, 2003. On September 23, 2003 Defendant filed its Response. On September 30, 2003, Plaintiff filed his Reply.

On June 19, 2003, Plaintiff James W. Smith, III ("Smith") filed his Complaint under Section 216(b) of the Fair Labor Standards Act ("FLSA" or "Act") on behalf of himself and other employees similarly situated for violation of the Act's minimum wage provisions. Specifically, Count I alleged that while Smith was employed as a Recruiter/Program Coordinator in Defendant's Miami, Florida office from July, 2002 until the present, Defen-

dant failed to pay Smith overtime wages in violation of §§ 206 and 207 of the Act. Count II sought to allege the same claims on behalf of other Recruiters/Program Coordinators employed by Defendant nationwide. Thereafter, on August 27, 2003, Smith filed his Amended Complaint in which three (3) additional Plaintiffs were named. The additional Plaintiffs were employed by Defendant from 2001–2003 as Field Representatives in Defendant's Baltimore, Maryland, and Chantilly, Virginia offices. The Amended Complaint also alleged an additional claim solely on behalf of Smith for wrongful termination in violation of § 215 of the Act.[1]

In his current Motion, Plaintiff argues that the Court should authorize the notification of all Recruiters/Program Coordinators and Field Representatives employed by Defendant nationwide within the last three years to inform them of their right to opt-in to Plaintiff's lawsuit. In addition, Plaintiff asks this Court to order Defendant to produce a computer-readable data file containing the names, addresses, social security and telephone numbers of these employees so that Plaintiff can send notice and consent to join forms. In its Response, Defendant argues that Plaintiff has not met his burden of demonstrating that there are other similarly situated employees who desire to opt-in to Plaintiff's lawsuit. In his Reply, Plaintiff argues that he has met his burden under the lenient standard for collective action notice.

 Section 216(b) of the Fair Labor Standards Act permits an employee to bring an action against his/her employer for violations of the Act on behalf of him/herself and "other employees similarly situated." 29 U.S.C. § 216(b) (1998). Moreover, § 216(b) contains an opt-in provision that requires all similarly situated employees to consent in writing before becoming party-plaintiffs. *Id.* Thus, in order to further the congressional policy that plaintiffs be allowed to proceed collectively under § 216(b),[2] a district court has the authority and discretion to issue an order permitting a plaintiff to send notice of opt-in rights to potential members of the plaintiff class. *Brooks v. BellSouth Telecomm's, Inc.,* 164 F.R.D. 561, 566 (N.D.Ala.1995), *aff'd,* 114 F.3d 1202, 1997 WL 251457 (11th Cir.1997). However, before issuing such an order, a district court should determine 1) whether there are other employees who desire to opt-in; and 2) whether these employees are similarly situated with respect to their *job requirements* and *pay provisions. Dybach v. State of Florida Dept. of Corrections,* 942 F.2d 1562, 1567–68 (11th Cir.1991) (emphasis added).

 The Eleventh Circuit recommends that district courts adopt a two-tiered approach to notification and certification of § 216(b) opt-in classes in order to better manage these complex cases. *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir.2001). During "the early stages of litigation the first tier[3]— the district court [applies] a lenient standard of proof and[,] if satisfied[,] grant[s] 'conditional certification' allowing notice and the opportunity to 'opt-in.'" *Cleonaise Ulysse v. Reliant Roofing Systems, Inc.,* Case No. 03–60102–CIV–ZLOCH,

---

**1.** Count III alleges that Defendant fired Smith on July 9, 2003, in retaliation for initiating this lawsuit.

**2.** *See Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir.1996) (citing *Hoffmann–La-Roche, Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)).

**3.** The second tier analysis usually occurs after discovery has been completed and upon motion for decertification by the defendant. *Hipp,* 252 F.3d at 1218. Thus, this second tier analysis is not relevant to the Motion currently under consideration.

DE # 17 (4/11/03) (citing *Hipp* ). At this early stage, the burden on plaintiffs to meet the similarly situated requirement is not heavy, and "plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F.3d at 1217–18 (internal citations and quotations omitted). However, "plaintiffs [still] have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[ ] in the broad class that they propose[,]" and the district court's "power to authorize notice" must be exercised with discretion and only in appropriate cases. *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 886–7 (11th Cir.1983). Thus, a district court should consider a variety of factors in making the similarly situated determination including: "1) whether the plaintiffs all held the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same time period; 4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision maker; 5) the extent to which the actions which constitute the violations claimed by Plaintiffs are similar." *Gutescu v. Carey Int'l, Inc.*, Case No. 01–4026–CIV–MARTINEZ/SIMONTON, DE # 251 (6/16/03) (citing *Stone v. First Union Corp.*, 203 F.R.D. 532 (S.D.Fla.2001)).

■ This Court finds that an insufficient amount of discovery has taken place to enable it to make an informed decision on the issue of whether similarly situated employees exist. At this time, the sole evidence of similarly situated employees submitted by Plaintiff consists of three (3) identical affidavits by employees with different job titles, different job responsibilities, and who work in different geographic locations than Plaintiff. Therefore, the Court finds it would be more prudent to allow Plaintiff to conduct additional discovery and gather further evidence to enable him to meet his burden of proof, if possible, on the similarly situated question before authorizing nationwide notice to the requested class.

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiff's Motion to Permit Court Supervised Notice to Employees of their Opt–In Rights be, and the same is hereby, DENIED without prejudice. It is further ORDERED that Defendant produce to Plaintiff a computer-readable data file containing the names, addresses, and telephone numbers of all RECRUITERS/PROGRAM COORDINATORS employed by Defendant from June 19, 2000, through the present time, within thirty (30) days of the date of this Order.